## CONSOLIDATED HAND–METHOD LASTING MACHINE COM-PANY *vs.* ARTHUR I. BRADLEY & another.

Suffolk.   January 10, 11, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Notice to defend Action — Liability of a Person to one against whom Judgment
has been recovered — Employers' Liability Act.*

Where a defendant proposes to look to a person who is liable to recompense him if
he should be beaten in an action, the notice, in order to make the judgment bind-
ing on that person, must be such in substance as to give the person notified infor-
mation that he is called upon to come in and defend the action, or that he is
given an opportunity so to do, and that if he does not defend it he will be held
responsible for the result.

Where a defendant, the lessee of a building, defends against some negligence of
his own, or of some person for whom he is made liable by the employers' lia-
bility act, St. 1887, c. 270, and damages are assessed with reference to the degree
of culpability of himself or of such person, he has not a right of action against
his lessor to recover the amount of the judgment, but the lessor, if liable at all
to him, is liable at common law for the breach of his contract or of his duty.

CONTRACT, to recover the amount of a judgment paid by the plaintiff in an action brought against it, together with counsel fees and costs incurred in defending.   At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*A. M. Lyman*, (*C. C. Barton & C. C. Barton, Jr.*, with him,) for the defendants.

*A. A. Strout & G. S. Selfridge*, for the plaintiff.

FIELD, C. J.   Rose Tierney and John Tierney, the next of kin of John M. Tierney, an employee of the plaintiff in the suit at bar, brought suit against the plaintiff under St. 1887, c. 270, § 2, in which they alleged in the first count that John M. Tierney was instantly killed from injuries received by reason of a defect in the ways, works, and machinery of the plaintiff, which had not been discovered or remedied, owing to the negligence of a person in the employ of the plaintiff and intrusted with the duty of seeing that the ways, works, and machinery were in proper condition.   In the second count, they alleged that said John M. Tierney sustained bodily injuries from which he died without conscious suffering, by reason of the negligence of a person in the service of the plaintiff intrusted with and exercising superintendence, whose sole and principal duty was that of superintendence.   The specific cause of the injury which resulted in the death of John M. Tierney was alleged in the first count to be the defective condition of an electric lamp and of an electric current.   The next of kin amended their declaration by adding a third count, which, so far as material to the present suit, did not differ from the first count.   The present plaintiff, the defendant in that suit, answered by a general denial, and on the trial the jury found for the plaintiffs and assessed damages in the sum of $3,000.   The defendant in that suit filed exceptions and a motion for a new trial.   A new trial was ordered, unless, the exceptions being waived, the plaintiffs therein would remit $1,500 from the amount of the verdict.   The plaintiffs remitted that sum, and judgment was entered for $1,500 damages, and the costs of suit, which the defendant in that suit paid.

The suit at bar was brought by the defendant in that suit

against the present defendants, to recover the amount of that judgment and the costs and counsel fees incurred in the defence of that suit. Before the trial of the original suit the present plaintiff gave to the defendants the following notice.

"Boston, Mass., May 31, 1893. Messrs. Bradley & Woodruff, 234 Congress St., Boston, Mass. Dear Sir: The suit of *Tierney* v. *Consolidated Hand-Method Lasting Machine Company* for the death of John Tierney, January 1, 1891, when he was killed, the result of touching or holding the electric light apparatus in the room occupied by the Machine Company, where the electricity was furnished by you, will come on for trial on Monday next, in the second session of the Superior Court. We hope and expect to be able to win the case and thus relieve the parties from liability. In case, however, we should be beaten, we shall look to you to recompense the Machine Company; and we shall expect you to assist in the conduct of the defence of the case. Yours truly, Strout & Coolidge, Attorneys for C. H. M. L. Machine Co."

The exceptions in the present case recite: "The defendants were not consulted as to the manner in which the defence [of the original suit] should be conducted, although they were present at the trial." It appears also that the exceptions in the original suit were waived without the knowledge or consent of the present defendants.

The substantial ground of the liability of the present defendants as alleged is, that the defendants agreed with the plaintiff to furnish electricity by suitable appliances for the purpose of lighting the premises occupied by the plaintiff, and to keep the appliances in safe condition; that the electricity was furnished by two currents under the control of the defendants; that the appliances were out of repair and dangerous, of which the defendants had notice, and that the defendants promised to shut off the stronger of the two currents, which they failed to do, in consequence of which Tierney, one of the plaintiff's employees, was killed by taking hold of an electric lamp. Each count sets out the bringing of the original suit, (misdescribing it as a suit by the administrator of the estate of Tierney,) the judgment therein, and the costs and expenses which the plaintiff had paid, and alleges notice to the present defendants to come

in and defend the original suit, and that they neglected to do so, whereupon the present plaintiff defended it.

The jury in the present suit rendered a verdict for the plaintiff, and assessed damages to the amount of the judgment in the original suit, and of the sum expended for costs and for counsel fees therein, with interest.

In the trial of the present suit the defendants made twenty-two requests for instructions, which, with the exception of the fifth and sixth requests, were not given otherwise than as appears in the charge of the presiding justice.   The eighteenth and nineteenth requests were as follows:

" 18.  The notice dated May 31, 1893, was given too late, and was insufficient in form and substance to bind these defendants.

" 19.  These defendants are not bound by the amount of the judgment recovered against the plaintiff by Tierney."

Many of the other requests proceed on the ground that the plaintiffs in the original suit, being the next of kin of John M. Tierney, had no cause of action against the present defendants; that they recovered judgment against the present plaintiff on the ground of the negligence of the plaintiff, or of some person in its service intrusted with the duty of seeing that its ways, works, and machinery were in proper condition, or intrusted with and exercising superintendence, and that there can be no contribution between wrongdoers.   In the original suit the damages to be recovered by the terms of the statute were to be " not less than five hundred and not more than five thousand dollars, to be assessed with reference to the degree of culpability of the employer herein or the person for whose negligence he is made liable."   St. 1887, c. 270, § 3.

Upon the question of the notice to come in and defend the original suit, the presiding justice charged the jury as follows:

" There is evidence that the defendants were notified of that suit and had an opportunity to come in and defend, and I do not know that any question is made about that notice.   If there is, the plaintiffs must satisfy you that that notice was given at a reasonable time, so that the defendants had a reasonable opportunity to avail themselves of their knowledge, to furnish evidence, and to take part in the trial, and to do whatever was reasonable and lawful to defend their interests.   The binding force of the

judgment grows out of the fact that such notice has been given and such opportunity afforded to the defendants. I do not understand that any question is made here about the terms of the notice not being sufficiently particular; I did not hear it read but once and I have not seen it, but it does not strike me that there was any material defect in the form of the notice; whether it was given in time or not, sufficient time, is for you to determine, if there is any question made about it.

"If the notice was seasonably given, and if there is this liability over on the part of the defendants, then that suit settles three things.

"It settles, in the first place, the right of the plaintiff to recover in that action; in other words, that Mr. Tierney was not guilty of any carelessness, that there was nothing in his conduct why he should not recover.

"It settles another proposition, another fact, and that is, that the premises of the present plaintiffs, this room, this lamp in connection with the electricity running it, was in a defective condition.

"And it settles the third thing, and that is the amount of damages which the plaintiff in that action was entitled to.

"So the parties in this suit, if the other steps were properly taken, the defendants in this suit, cannot contest the question of Mr. Tierney's right to recover, nor the question whether the lamp was defective or not, nor the question of the amount of damages."

The exceptions also recite: "At the close of the charge the defendants' counsel specifically excepted to the refusal of the court to give the rulings requested, save rulings five and six, which were given, whereupon the court said to the counsel for the plaintiff: 'Counsel on the other side are excepting to my refusal to give all their requests. . . . Whether you care to look them over and have some of them given, I do not know.'" And the counsel replied that "he would trust the court."

We are of opinion that the notice is not sufficient in form to make the judgment in the original suit conclusive upon the present defendants as to the amount to be recovered, if anything is to be recovered, and that the exceptions to the refusal of the presiding justice to give the eighteenth and nineteenth requests are

open to the defendants, although the presiding justice, relying upon the counsel of the plaintiff, seems not to have examined carefully the form of the notice. The notice given implies that the counsel of the defendant in the original suit, the present plaintiff, intended to retain the control of the defence of that suit. The counsel might well doubt whether this suit was one which the present defendants were required to defend. They gave the present defendants notice that they should look to them to recompense the present plaintiff if it should be beaten in that suit, and that they should expect the present defendants to assist in the conduct of the defence, but they did not offer to surrender the control of the defence. Whatever may be the form of such a notice, we think that, under the circumstances in which it is given, it should call upon the person notified to come in and defend the suit, or should offer him an opportunity of doing so. The party notifying cannot insist upon retaining control of the defence, and yet hold the party notified bound by the result of the suit. The decisions of different courts in this country are not uniform upon the requirements of such a notice, but the weight of authority in this Commonwealth is that the notice must be such in substance as to give the person notified information that he is called upon to come in and defend the suit, or that he is given an opportunity to do so, and that if he does not defend it he will be held responsible for the result. *Milford* v. *Holbrook*, 9 Allen, 17. *Chamberlain* v. *Preble*, 11 Allen, 370. *Elliott* v. *Hayden*, 104 Mass. 180. *Gray* v. *Boston Gas Light Co.* 114 Mass. 149, 155. *Boyle* v. *Edwards*, 114 Mass. 373. *Westfield* v. *Mayo*, 122 Mass. 100, 109. *Richmond* v. *Ames*, 164 Mass. 467, 474; *S. C.* 167 Mass. 265. Freem. Judgments, (3d ed.) § 181. 7 Robinson's Practice, 150–152. Black, Judgments, §§ 567 *et seq.*

*Boston* v. *Worthington*, 10 Gray, 496, is the case in our reports most favorable to the plaintiff, but we think that decision goes to the very verge of the law on the subject, and in the opinion it is said: " The defendants, by the notice given to them of Southwick's action, had an opportunity to defend it, and the case shows that they 'were present at the trial, and testified therein.'" In the present case we think that the notice on its face shows that it was not the intention that the present defendants should

have an opportunity of controlling the defence of the original suit.

We are also of opinion that the original action was such that by any form of notice the present defendants could not necessarily, as matter of law, be held bound by the judgment in that action.   The damages in that action were assessed with reference to the degree of culpability of the defendant therein, or of some person for whose negligence the defendant was made liable by St. 1887, c 270.   The defendants in the present suit, if they are liable at all to the plaintiff, are liable at common law for the breach of their contract or of their duty.   The defendant in the original action was defending against its own negligence or the negligence of persons for whom it was responsible.

In *Westfield* v. *Mayo*, 122 Mass. 100, 109, the principle is stated as follows : " It is simply this : If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defence." It is also said in the opinion in that case : " In the present case, the plaintiff was not compelled to incur the counsel fees by reason of any misfeasance, or of any contract of its own, but was made immediately liable by reason of the wrongdoing of the defendant.   There seems therefore to be no ground, in principle, by which it should be precluded from recovering as a part of its damages the expenses reasonably and properly incurred in consequence of the wrongdoing of the defendant.   Within this rule a master, who is immediately responsible for the wrongful acts of a servant, though there is no misfeasance on his part, might recover against such servant not only the amount of the judgment recovered against him, but his reasonable expenses including counsel fees, if notified to defend the suit.   It may be said in that case, as in this, that there may be a technical misfeasance, or rather nonfeasance, in not guarding more carefully the conduct of the servant, or in watching for obstructions in the street ; but no negligence is necessary to be proved in either case as

matter of fact; the party is directly liable because of the wrong of another, whatever diligence he may have himself exercised. It does not, however, apply to cases where one is defending his own wrong or his own contract, although another may be responsible to him." See *Gray* v. *Boston Gas Light Co.* 114 Mass. 149; *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24.

The charge of the presiding justice in the case at bar puts the liability of the defendants, if they were liable, upon the facts, if they were proved, that the defendants undertook with the plaintiff to see to it that the electrical apparatus was kept in proper condition; that it was out of repair, of which the defendants had notice; that the defendants promised to repair it in a proper manner, and meanwhile to keep things safe, and to see to it that the large current of electricity from the works of the city should not be turned on, all of which the defendants failed to do; that, induced by these promises, the plaintiff permitted its employees to continue at work; or that, if the defendants repaired the apparatus, the repairs were negligently and improperly made, and that the lamp which exploded was in a dangerous condition.

The liability of the defendants cannot be put upon the ground that they were liable to the next of kin of Tierney, and that they had been released from this liability by the judgment against the plaintiff and the satisfaction of it, because the defendants were not liable at all to the next of kin of Tierney. If the defendants promised the plaintiff to keep the electrical apparatus in repair and failed to do so, they may be liable to the plaintiff for the breach of this promise; if they undertook to repair it and repaired it negligently, in consequence of which the plaintiff suffered damage, they may be liable for this negligence. If the present plaintiff was held liable in the original suit to the next of kin of Tierney on the ground of some negligence of its own, and if the extent of its liability was determined within certain limits by the degree of culpability of the plaintiff, or of some person for whose negligence it is made liable by St. 1887, c. 270, then it could not be held that necessarily, as matter of law, the present defendants are liable to reimburse the present plaintiff to the extent of the judgment recovered against it in the original suit, even if the present defendants had been properly notified to come in and defend that suit. The reason is that the

defendant in the original suit was compelled to defend against some negligence of its own, or of some person for whom it was made liable by the statute, and the damages were assessed with reference to the degree of culpability of itself or of such person. It does not follow from this that the plaintiff is unable to maintain the present suit for breach of contract or for negligence on the part of the defendants whereby it has suffered damage. See *Old Colony Railroad* v. *Slavens*, 148 Mass. 363; *Toomey* v. *Donovan*, 158 Mass. 232. But how far, if at all, the defendants can be held liable for the damages which the present plaintiff was compelled to pay, or did pay, to the next of kin of Tierney, we are not called upon now to determine.

*Exceptions sustained.*