JOHN E. FITZGERALD & another *vs.* WALLACE R. HEADY, administrator.

Hampden.     September 27, 1916. — October 13, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Res Judicata.   Mortgage,* Of real estate.   *Damages,* In equity.

Where, after a mortgage debt had been paid and, upon the wrongful refusal of the mortgagee to discharge the mortgage, the mortgagor brought a suit in equity against him and obtained a decree ordering him to discharge the mortgage without awarding costs, and thereupon the mortgagee complied with the decree, the mortgagor cannot maintain an action against the mortgagee under R. L. c. 127, § 35, to recover the amount of his counsel fees and of the entry fee in the

suit in equity as damages caused by the defendant's refusal to discharge the mortgage, the decree in the suit in equity, which granted relief without awarding costs, being a conclusive adjudication that the plaintiff suffered no damages.

BRALEY, J. The agreed facts on which the case is submitted show that the defendant refused "for seven days after request therefor and after a tender of his reasonable charges" to execute, acknowledge and deliver a deed of release prepared and tendered by the plaintiff of a mortgage on the plaintiff's real property running to his intestate, but which in her lifetime had been fully paid and the promissory note thereby secured surrendered to the mortgagor. The undischarged mortgage undoubtedly was a cloud on the plaintiff's title, which under the circumstances the defendant, notwithstanding the objections of the intestate's heirs, should have removed by either a discharge on the margin of the record of the mortgage in the registry of deeds, or the execution, acknowledgment and delivery of a deed of release as requested. *Short* v. *Caldwell*, 155 Mass. 57. *Sawyer* v. *Cook*, 188 Mass. 163. R. L. c. 127, § 34. By his declination he thereupon became "liable in an action of tort for all damages caused by such neglect or refusal." R. L. c. 127, § 35.* The plaintiff having obtained by bill in equity a decree ordering the defendant to discharge the mortgage with which he complied, then brought the present action under the statute, and, the trial judge † having found for the defendant, the case is here on appeal from the judgment entered on the finding.

The statute invoked is of ancient origin. It first appears in the Prov. St. 1697, c. 21, § 4, and, with the exception that the provision for the taxation of treble costs if the plaintiff prevails has been omitted, the statute is re-enacted in Rev. Sts. c. 59, § 34, Gen. Sts. c. 89, § 31, Pub. Sts. c. 120, § 25, and R. L. c. 127, § 35. See, also, 1 Perpetual Laws of Mass. 134 (St. March 10, 1784, § 6).

---

* That statute is as follows: "If a mortgagee, or his executor, administrator or assignee, after full performance of the condition of his mortgage, whether before or after breach of such condition, refuses or neglects for seven days after request therefor and after a tender of his reasonable charges, to make such discharge or to execute and acknowledge a deed of release of the mortgage, he shall be liable in an action of tort for all damages caused by such neglect or refusal."

† *Morton, J.*

A period of more than two centuries has elapsed since the first enactment, yet the present case seems to be of first impression.

The only damages demanded are the amount disbursed for the services of counsel, which the parties have agreed is reasonable, and the entry fee in the suit in equity. It is settled that generally the taxable costs recovered by the prevailing party, even if wholly inadequate in practice, are considered as full compensation for his expenses in conducting the litigation. *Guild* v. *Guild,* 2 Met. 229. *Henry* v. *Davis,* 123 Mass. 345. *Newton Rubber Works* v. *De Las Casas,* 182 Mass. 436, 438. *Maguire* v. *Pan American Amusement Co.* 205 Mass. 64. The recognized exceptions are where the plaintiff sues to recover indemnity either implied or stipulated for by contract from the party ultimately liable, who has been notified and requested to appear and undertake the defence; *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley,* 171 Mass. 127, 132, and cases cited; or where by reason of the tortious acts of the defendant the plaintiff has been compelled to employ counsel and resort to the courts for redress. *Wheeler* v. *Hanson,* 161 Mass. 370. *Berry* v. *Ingalls,* 199 Mass. 77.

We do not find it necessary to decide what the measure of damages would have been if the plaintiff had brought an action at law instead of proceeding in equity. The plaintiff sought the aid of a court where if his costs had been decreed an attorney's fee would have been taxable with other costs, and the amount thus awarded would have been deemed full compensation as between the parties for what he had expended for the services of counsel and entry of the suit. *Sears* v. *Nahant,* 215 Mass. 234, and cases cited. R. L. c. 203, § 24. But costs in equity are within the discretion of the court. R. L. c. 203, § 14. *Saunders* v. *Frost,* 5 Pick. 259, 271. And, after trial on the merits, relief by the terms of the decree was given without costs. It is plain that the wrong of which the plaintiff complains is the refusal to discharge the mortgage, and the court to which he resorted for the establishment of his right to specific relief had jurisdiction of the subject matter and of the parties. It follows that the decree is conclusive that he has suffered no damages for which the defendant is responsible. *Burke* v. *Miller,* 4 Gray, 114. *Frieson* v. *Bates College,* 128 Mass. 464. *Foye* v.

*Patch,* 132 Mass. 105. *Corbett* v. *Craven,* 196 Mass. 319, 322. *Weld* v. *Clarke,* 209 Mass. 9.

*Judgment affirmed.*

The case was submitted on briefs.

*C. H. Beckwith & A. C. Keough,* for the plaintiffs.

*J. W. Flannery,* for the defendant.