Lord & Taylor, Inc., et al., Appellants, *v.* The Yale & Towne Manufacturing Company, Respondent.

Negligence — master and servant — manufacturer and purchasers, vouching in — judgment not res adjudicata unless issues are the same — subrogation — when liability insurance company has paid judgment against corporation for maintaining defective apparatus the insurance company is subrogated to the rights of the insured — misjoinder of parties — corporation not proper party plaintiff with insurance company in action on judgment against builder of apparatus — erroneous exclusion of evidence.

1. Where an action by an employee against an employer alleging negligence in failing to provide a safe place for plaintiff to work is defended by an insurance company under the terms of its policy of liability insurance, and a judgment obtained by the plaintiff in such action is paid by the insurance company, the latter is subrogated to the rights of the insured. The insured retains no interest in the cause of action and should not be joined as a plaintiff in an action to recover over against a third party. The action should be brought in the name of the insurance company alone, and, hence, a motion to dismiss the complaint, as to the insured, should be granted.

2. Where it appears from the judgment roll in the employee's action which was read in evidence in this action brought by insurer and insured to recover over against the manufacturer of apparatus alleged to be defective, that the faulty installation, if any, of such apparatus was not litigated and no proof of faulty installation was offered, but only proof of the negligence of the employer in failing properly to inspect an appliance which was subjected to heavy and constant use, it must be held that the primary wrong, if any, of the manufacturer was not

litigated in that action, and it was neither bound nor exonerated by the judgment therein, and hence the right of the insurance company to recover against the manufacturer in this action was not affected thereby, although the employer gave notice to the manufacturer to come in and defend the employee's action.   When the defendant in the original suit defends its own negligence only, the plaintiff may maintain its action based on the negligence of the defendant herein.

3. Upon the trial of this action against the builder of the apparatus, the court excluded, as improper upon rebuttal, the testimony of an expert to the effect that even if a track, upon which a coal carrier was suspended and ran, was bolted to the hanger in the way claimed by the plaintiff as proper, yet such method of construction was unsafe and improper by reason of lack of lock nuts or cotter pins.   This ruling was too close a restriction of plaintiff's right and the exclusion of this proof was substantial error.   Plaintiff was not bound to anticipate upon its direct evidence that the defendant would attempt to show that in one of several particulars alleged by plaintiff to be improper, the construction was safely made.

*Lord & Taylor* v. *Yale & Towne Mfg. Co.,* 187 App. Div. 889, modified.

(Submitted October 14, 1920;  decided December 7, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 6, 1919, affirming a judgment in favor of defendant entered upon a verdict directed by the court after a special verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank Verner Johnson* for appellants.   Reversible error is presented by the exception to the court's refusal to admit testimony to the effect that even if the rail or I-beam track were bolted to the hanger in the way claimed by the defendant, such method of construction was unsafe and improper. (*Jenks* v. *Thompson,* 179 N. Y. 20; *Finn* v. *Cassidy,* 165 N. Y. 584; *Pursley* v. *Edge Moor Bridge Works,* 56 App. Div. 71; 168 N. Y. 589; *German-American Ins. Co.* v. *New York Gas &*

*El. Co.*, 103 App. Div. 310; *Chiavaroli v. Union Bag Co.*, 131 App. Div. 372; *Wolfe* v. *Mosler Safe Co.*, 139 App. Div. 848; *McRorie* v. *Monroe*, 203 N. Y. 426; *Hayward* v. *Draper*, 3 Allen [Mass.], 551; *Bancroft* v. *Sheehan*, 21 Hun, 550; *Odell* v. *McGrath*, 21 App. Div. 252; *Howard* v. *Bank of Metropolis*, 104 App. Div. 534; *Atlantic Communication Co.* v. *Zimmerman*, 182 App. Div. 862; *Rowe* v. *Whatcom County Ry. & L. Co.*, 44 Wash. 658; *Chase* v. *Lee*, 59 Mich. 237.) If the fall of this coal-conveying apparatus was directly due to the unsafe manner or method of construction adopted by the defendant, these plaintiffs are entitled to be indemnified by it for the loss occasioned thereby. (*Nashua I. & S. Co.* v. *Brush*, 91 Fed. Rep. 213; *Boston Woven Hose, etc., Co.*, v. *Kendall*, 178 Mass. 232; *Mowbray* v. *Merryweather*, L. R., 1895, 2 Q. B. Div. 640; *City of Brooklyn* v. *Brooklyn City Railway Co.*, 47 N. Y. 475; *Prescott* v. *Le Conte*, 83 App. Div. 482; 178 N. Y. 585; *Phœnix Bridge* v. *Creem*, 102 App. Div. 351; 185 N. Y. 580; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Williams* v. *N. Y. & Q. El. L. & P. Co.*, 222 N. Y. 663; *Lord El. Co.* v. *Barber A. P. Co.*, 165 App. Div. 399; *Pullman Co.* v. *C. N. & T. P. R. Co.*, 144 S. W. Rep. 385.) Lord & Taylor, Inc., and Travelers Insurance Company of Hartford, Conn., are properly joined as party plaintiffs in this action and each is entitled to be indemnified for the losses sustained as their interest may appear. (*Connecticut Fire Insurance Co.* v. *Erie R. R. Co.*, 73 N. Y. 399; *Swarthout* v. *Chicago, etc., R. R. Co.*, 49 Wis. 625; *Pratt* v. *Radford*, 52 Wis. 114; *Travelers Ins. Co.* v. *Great Lakes Eng. Works Co.*, 184 Fed. Rep. 426; *Jacobs* v. *N. Y. C. & H. R. R. R. Co.*, 107 App. Div. 134.)

*Louis H. Porter* for respondent. The judgment should be affirmed as a matter of law, irrespective of the question of excluded testimony or of the charge to the jury. (*Fulton Co. Gas & El. Co.* v. *H. R. Tel. Co.*, 200 N. Y. 287;

*Scott* v. *Curtis*, 195 N. Y. 424; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Mason-Henry Press* v. *Ætna Life Ins. Co.*, 146 App. Div. 181; *Griffin* v. *Flank*, 132 App. Div. 334; *Paul* v. *Consolidated Fireworks Co.*, 177 App. Div. 85; *Larkin* v. *Terminal Warehouse Co.*, 161 App. Div. 262; 221 N. Y. 708; *Lowell* v. *B. & L. R. R. Corp.*, 23 Pick. [Mass.] 24; *Central Ry. Co.* v. *Macon, etc., Ry. Co.*, 140 Ga. 309; *City of Astoria* v. *Astoria, etc., R. R. Co.*, 136 Pac. Rep. 645.)   There was no error in the court's ruling on evidence. (*Howard* v. *Bank of Metropolis*, 104 App. Div. 534; *Marshall* v. *Davies*, 78 N. Y. 414; *Barson* v. *Mulligan*, 77 App. Div. 192; *Agate* v. *Morrison*, 84 N. Y. 672; *Young* v. *Johnson*, 123 N. Y. 226.)   Appellants were not properly joined as plaintiffs in this action.   (*Conn. F. Ins. Co.* v. *Erie R. R. Co.*, 73 N. Y. 399.)

POUND, J.   The plaintiff Lord & Taylor, Inc., when constructing its Fifth avenue department store contracted with defendant to install therein a coal handling system, to carry a bucket of coal from the coal bunkers to the boiler room by means of an I-beam track suspended by hangers from the structural steel of the boiler and bunker rooms.   The bucket when filled with coal weighed about 850 pounds.   Lord & Taylor, Inc., began to use this apparatus about the first of January, 1914.   In the following May a part of the I-beam track separated from its hanger causing a portion of the apparatus to fall on an employee named Fitzsimmons and injure him.   He sued Lord & Taylor, Inc., alleging its negligence in failing to provide a safe place to work by installing an unsafe coal conveying apparatus.   It notified defendant to come in and defend the action but defendant did not respond.   Fitzsimmons obtained a judgment which was paid by plaintiff The Travelers Insurance Company of Hartford, Connecticut, under the terms of a liability insurance policy.   The insurance company thereupon became subrogated to the rights of the insured.

This action is brought to recover over against defendant on the ground that the Fitzsimmons accident was due to negligence on the part of defendant in failure to bolt the supports of the track in a safe and workmanlike manner. Defendant denied the allegations of improper or negligent construction. On the trial the judgment roll in the Fitzsimmons case was put in evidence.

Under the instructions of the court, it might be urged that the jury in order to render a verdict in favor of Fitzsimmons must have found both

(a) faulty construction in that the coal conveying apparatus fell and injured plaintiff by reason of structural weakness and improper construction because it was " not constructed in such a way as to carry the weight resulting in one of the iron bolts breaking," and

(b) that Lord & Taylor, Inc., was negligent after the apparatus was delivered to it and operation by it begun in failing properly to inspect the appliances and maintain them in a suitable and safe condition.

On examination of the record, however, it appears that faulty construction, the first element of negligence, was not litigated. The charge is not clear and wholly consistent on these points, the court having charged that the appliance, when installed, was " suitable and capable of doing the work for which it was intended." The record taken as a whole is susceptible of but one meaning and that is that Lord & Taylor, Inc., " did everything in its power to furnish a safe and suitable appliance " when it employed defendant to do the work. The attorney for Fitzsimmons conceded that " this thing was all right when it was put up " and no proof was offered of faulty construction by defendant.

If defendant's negligence had been litigated in the Fitzsimmons case, instead of Lord & Taylor's own negligence, the plaintiffs herein not only might have invoked the rule, which is the basis of this action, that if another person has been compelled to pay the damages

which the wrongdoer should have paid the latter becomes liable to the former (*Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214, 217), but it also might have successfully maintained that as the defendant had declined the opportunity to come in and defend itself, the Fitzsimmons judgment was *res adjudicata* on the question of defendant's fault. But the portions of the record in the Fitzsimmons case which were read in evidence on this trial indicate that the theory of the case was that Lord & Taylor, Inc., had a right to rely on defendant's judgment in the first instance as that of a reputable manufacturer installing a well-known article put up ready for use; that although the trial justice inadvertently said that the jury must find negligence in construction in order to give Fitzsimmons their verdict, the substance of the judgment was the finding that *after* the system had been put up and operated, Lord & Taylor, Inc., was itself for the first time negligent in failing properly to inspect an appliance which was subjected to heavy and constant use. The primary wrong of this defendant was not litigated in the Fitzsimmons case and it was neither bound nor exonerated by the judgment therein. The right of plaintiffs to recover against defendant in this action was not affected thereby.

The misconduct of Lord & Taylor consisted of a failure to discover by inspection a defect in an article specially made for it. On such negligence it was held responsible to Fitzsimmons. But it alleges in this action that it used the article in reliance upon the fact that it was made by a reputable maker for the use to which it was put. That fact did not excuse Lord & Taylor for failing properly to protect Fitzsimmons, but it could not compel him to litigate the negligence of this defendant in his action when he expressly declined to do so. Lord & Taylor may have been negligent as against its own servants and yet it may have shown all the care that defendant had a right to expect.

The rule is that " If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense." (*Inhabitants of Westfield* v. *Mayo*, 122 Mass. 100, 109; *Consolidated Hand-Method Lasting Machine Company* v. *Bradley*, 171 Mass. 127; *Boston Woven Hose & Rubber Company* v. *Kendall*, 178 Mass. 232.)

Lord & Taylor was obliged on the trial of the Fitzsimmons case to defend solely and exclusively its own negligence. Defendant could not be called in to defend a misfeasance not charged to it. " The defendant in the original suit was compelled to defend against some negligence of its own, or of some person for whom it was made liable, and the damages were assessed with reference to the degree of culpability of itself or of such person. It does not follow from this that the plaintiff is unable to maintain the present suit for breach of contract or for negligence on the part of the defendants whereby it has suffered damage." (*Consolidated Hand-Method Lasting Machine Company* v. *Bradley, supra.*)

On the trial of this case the trial justice properly took the position " that there was not established by the (Fitzsimmons) judgment against Lord & Taylor, Inc., the negligence of the defendant," and submitted to the jury the question: " Was the injury to one James Fitzsimmons for which he recovered a verdict against Lord & Taylor, Inc., due to the negligent manner in which the coal conveying apparatus in Lord & Taylor's establishment was constructed by the defendant?" Plaintiff's counsel agreed as to the form of the question but with reservations inconsistent with the submission of the

question of negligence to the jury, his theory being that negligence had been established in the Fitzsimmons case and that the only question to be determined in this case was whether defendant was primarily responsible for the defective condition of the apparatus. The jury answered the question in the negative and the court thereupon directed a verdict for defendant. The instructions of the court as to the test of negligent construction by " usual methods " and " ordinary standards " are not unexceptionable but the exceptions present only the point that negligent construction was established in the Fitzsimmons case.

An exception to a ruling of the trial justice remains for our consideration. Plaintiffs urge that " reversible error is presented by the exception to the court's refusal to admit testimony to the effect that even if the rail or I-beam track were bolted to the hanger in the way claimed by the defendant, such method of construction was unsafe and improper."

On their principal case the plaintiffs had shown by witnesses that the rail was attached to the hangers by bolts inverted, with the nut down; with no washer between the nut and the bolt; that the nuts were uneven against the surface of the flange and also that a portion of the nut bore against the inner edge with nothing between the nut and the surface of the flange; that this was not proper; that the heads of the bolts should have been down and the nuts on top; that a well-settled practice existed of putting two pieces of iron together with the use of a tapered washer; that nothing of the kind was on this structure when it was taken down; that also and independently of the above defects, certain common devices such as lock nuts or cotter pins were necessary to prevent the nuts on bolts from being loosened by vibration and were not used on this job.

So far as placing the bolts head upward was concerned, it was admittedly bad construction. Defendant's foreman

and other witnesses testified, however, that the nuts were placed on top in this job; but they maintained that a safe and secure connection was thus made without the aid of the locking or safety devices referred to by plaintiffs' witnesses. In rebuttal the plaintiffs' expert was asked a hypothetical question embodying the same facts as the question put to him in chief with the single exception that he was now asked to assume that the bolts were fastened with the nuts on top instead of below and to say whether such an apparatus would be safe for the purpose. The question was objected to as improper rebuttal and the objection was sustained. We are of the opinion that this was too close a restriction of plaintiffs' right and that the exclusion of this proof was substantial error. If the only detail of faulty construction complained of had been the placing of the bolts with the nuts down, plaintiffs should not be permitted, after taking the position that the nuts should be fastened on top, to shift their ground and reopen their case by alleging that to be unsafe which they had instantly characterized as safe and necessary. The objection would then be good. But the theory of the plaintiffs was that whether the nuts were on top or underneath, some safety device was necessary to prevent them from loosening and working off under vibration. Although this evidence might perhaps have been proper if it had been offered in chief, it was strictly in rebuttal to show that a change in this single detail of the work did not remedy the faulty construction. Plaintiffs were not bound to anticipate that defendant would assert that in one of the several particulars alleged by them to be improper the work was safely bolted. They had no opportunity to meet this bit of evidence until defendant produced it. It would be a harsh application of the rule to require the plaintiffs to assume in advance that defendant would deny the truth of this portion of plaintiffs' case. They were free, when the proof was offered, to say that it was

well enough so far as it went but nevertheless it did not go far enough to amount to safe construction.

Respondent urges that on the entire record, regardless of errors, the judgment of dismissal should be affirmed as to the plaintiff Lord & Taylor, Inc., as it had no standing in court to maintain the action in its own right. The answer alleges a misjoinder of parties; that Lord & Taylor, Inc., has no interest in the cause of action alleged in the complaint. The action properly should have been brought in the name of the insurance company alone. No other party has any interest in the claim. (*Connecticut Fire Ins. Co.* v. *Erie Ry. Co.*, 73 N. Y. 399, 405.) The practice of joining the insured as a plaintiff when it retains no interest in the subject-matter of the action is not to be commended. Defendant's motion to dismiss the complaint as to the plaintiff Lord & Taylor, Inc., should have been granted.

The judgment appealed from should be affirmed as to plaintiff Lord & Taylor, Inc., with costs, but as to plaintiff The Travelers Insurance Company it should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ., concur; COLLIN, HOGAN and ELKUS, JJ., dissent from reversal of judgment against Travelers Insurance Company.

Judgment accordingly.