INGERSOLL BOWDITCH & another, trustees, *vs.* E. T. SLATTERY COMPANY.

Suffolk. November 10, 1927. — May 25, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* In writing, Construction, Performance and breach, Of indemnity. *Indemnity. Evidence,* Competency, Extrinsic affecting writing. *Notice. Practice, Civil,* Ordering verdict.

An indemnitor is bound by the result of a suit alleged to be for the enforcement of a liability as to which he has promised indemnity, if he has been notified of the pendency of the suit, given an opportunity to take charge of and defend it, and warned that he will be held responsible for the result if he does not defend it.

An agreement in writing for the sale of real estate provided that the purchaser "shall pay all Broker's Commission if by any chance it may be necessary to pay a Broker's Commission," and that "acceptance of a deed and possession by the . . . [purchaser] shall be deemed to be a full performance and discharge hereof." The agreement provided for insurance on the property "until the full performance of this agreement." Shortly after the papers were passed and the price was paid by the purchaser, an action was brought against the seller by a broker who claimed a commission. The purchaser was requested to defend the suit but declined to do so on the ground that he was not liable for a commission nor obliged to defend under the contract. The seller in good faith defended the suit and satisfied a judgment rendered against him. In an action by the seller against the purchaser to recover the amount of the judgment, evidence for the plaintiff of the facts above described was undisputed and fraud on the plaintiff's part was disavowed by the defendant. A verdict for the plaintiff was ordered upon such evidence. *Held,* that

(1) The language of the agreement of sale was not ambiguous;

(2) Evidence, offered by the defendant, to show that the payment of a commission was not necessary; that the plaintiff knew of the broker's claim and the facts upon which it was asserted before the agreement for sale, but stated that no commission was due; and that the parties intended that the acceptance of a deed and possession of the property after payment by the purchaser at the passing of the papers should be full performance of the agreement, was inadmissible to vary or modify the agreement;

(3) The parties recognized the possibility of a broker's obtaining judgment;

(4) The necessity for payment of a commission to the broker was established as a matter of law by the judgment against the seller;

(5) The notice to defend was sufficient, since it showed an intent on

the part of the seller to charge the purchaser with the result of the action by the broker, and since the reason given for refusing to defend showed that the purchaser so understood it;

(6) The agreement by the purchaser to pay the broker's commission if necessary was collateral to the sale, and liability of the purchaser to the seller thereunder was not discharged by the acceptance of a deed and possession of the property by the purchaser;

(7) Evidence, to show that the seller kept up no insurance after the papers were passed, was inadmissible to explain or modify the words of the agreement;

(8) The verdict properly was ordered for the plaintiff.

CONTRACT. Writ dated December 9, 1920 [1924?].

In the Superior Court, the action was tried before *Whiting,* J. Certain evidence offered by the defendant, described in the opinion, was excluded by the judge, who ordered a verdict for the plaintiff on the pleadings, the plaintiff's evidence and the opening to the jury by the defendant's counsel. The matters contained in the opening by the defendant's counsel were substantially the same as those contained in the evidence excluded. There was a verdict for the plaintiff in the sum of $6,745.43. The judge thereupon reported the case for determination by this court.

*F. King,* (*J. P. Wright* with him,) for the plaintiffs.

*H. W. Ogden,* for the defendant.

WAIT, J. The plaintiffs, vendors of certain real estate, sue to recover from the defendant, the purchaser, the amount which they have paid in satisfaction of a judgment obtained against them by a broker for a commission upon the sale.

The sale agreement provided: "As the price agreed upon is based on no Broker's Commission, being paid by either party, it is hereby agreed that the party of the second part [the defendant] shall pay all Broker's Commission if by any chance it may be necessary to pay a Broker's Commission." It further provided: "If the party of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof."

At the trial in the Superior Court there was no dispute that the vendors gave the title and made the conveyance as stipulated, and the purchaser accepted a deed and possession, both parties, in good faith, believing that no broker's commission was due or to be paid. Nor was it disputed that about two months after the passing of papers and payment of the price as then adjusted, suit was brought against the vendors by a broker who claimed a commission; that the purchaser was notified and was requested to take charge of the suit and defend it, but declined to do so on the ground that under the contract it was not liable for the commission nor obliged to defend; that the vendors contested in good faith, and without fraud or collusion satisfied the judgment entered against them. The judge ruled that the plaintiffs were entitled to a verdict; and excluded evidence offered to show that payment of a commission was not necessary; that the plaintiffs knew of the broker's claim and the facts on which it was asserted before the contract for sale, but stated that no commission was due; that the parties intended that the acceptance of the deed and possession of the property upon the payments made at the passing of papers should be full performance of everything called for by the contract of sale; and that, although the contract provided for insurance "until the full performance of this agreement," no insurance was kept up by the vendors after papers passed. The case is before us upon his report, which presents for our determination the propriety of his order for verdict and his rulings upon evidence.

No error appears.

The language of the sale agreement is not ambiguous. Evidence of what took place in the negotiations, statements of opinion with regard to liability for commissions, and representations in connection with terms embodied in the final written agreement, are not admissible to vary or modify the contract. The rule is one of the substantive law of contract as well as of the law of evidence. *Glackin* v. *Bennett*, 226 Mass. 316. *Loughery* v. *Central Trust Co.* 258 Mass. 172, 177. Fraud, which would have made a different rule applicable, was not present, and was disavowed. It is manifest

that both parties recognized the possibility, latent in all purchases and sales of real estate, that a court may disclose a broker whom the buyer and seller do not recognize.

The necessity for payment of the commission was, as matter of law, established by the judgment. One who is liable as indemnitor or guarantor for another is bound by the result of a suit against that other to establish the liability if he has been notified of the pendency of the suit, given opportunity to take charge of and defend it, and warned that he will be held responsible for the result if he does not defend it. *Boston* v. *Worthington*, 10 Gray, 496. *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98.

There is no force in the contention that the notice here given was insufficient, because it did not in terms state that the defendant would be held responsible if the result should be unfavorable. The notice would be ineffectual to charge the receiver with the result of the proceeding of which notice was given, unless it made evident that the giver intended to charge the receiver therewith, *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley*, 171 Mass. 127, 132, but no particular form of words is necessary. The notice, taken with the words of the contract, here makes manifest the intent to charge the purchaser with the result of the action. The reason given for refusing to act shows that the defendant so understood it.

The contention is unsound that all liability to pay the commission "if by any chance it may be necessary to pay" one, ceased with the acceptance of the deed and possession by the defendant. The agreement to make the payment is collateral to the sale and is not merged in the conveyance. *Page* v. *Monks*, 5 Gray, 492. *Van Hee* v. *Rickman*, 109 Ore. 357.

The paragraph relied upon, properly construed, renders all obligations of either party, except to refund payments already made, no longer binding if the vendors fail to give title and make conveyance in accord with their agreement. It deprives the purchaser of any redress for defects in title if it accepts a deed and takes possession; but it does not enable the purchaser to terminate all its obligations there-

under by such acceptance and possession. Performance of a collateral agreement is not discharged or rendered complete thereby. See *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271; *Buckley* v. *Meer,* 251 Mass. 23; *Moskow* v. *Burke,* 255 Mass. 563.

The conduct of the vendors with regard to insurance after the papers passed was incompetent to explain or modify the meaning of the clear words of the agreement.

It follows that, in accord with the terms of the report, the order must be

*Judgment for plaintiffs on the verdict.*