ALFRED C. BUHL *vs.* GEORGE E. VIERA, executor.

Bristol.    October 22, 1951. — January 2, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Agency*, Agent's liability to principal.   *Judgment.   Indemnity.   Subrogation.*

Liability of an agent to indemnify his principal for loss resulting from injuries to a third person caused by negligence of the agent while acting within the scope of his employment was not affected by the fact that negligence of another agent contributed to the injuries.

An insurer under a public liability policy which paid a judgment against the insured in an action for injuries caused by negligence of the insured's agent was entitled by subrogation to the rights against the agent which the insured would have had if he had paid the judgment.

A judgment against a principal, in an action for injuries caused by negligence of his agent while acting within the scope of his employment, was binding upon the agent in determining his liability to indemnify the principal where it appeared that the plaintiff in such action had also brought separate actions for the same injuries against the agent and the principal's landlord, that the several defendants employed different counsel, that the three actions were tried together, that the agent testified, and that he did not object when the plaintiff discontinued the actions against him and the landlord after all parties had rested.

TORT.   Writ in the Superior Court dated March 7, 1946.

The action was tried before *Forte*, J., who ordered a verdict for the plaintiff and reported the action.

In this court the case was submitted on briefs.

*F. D. Mone*, for the plaintiff.

*E. A. Hathaway*, for the defendant.

LUMMUS, J.   This is an action of tort, brought against John G. Cayton, and after his death prosecuted against Cayton's executor.   Cayton was employed by the plaintiff, who was a druggist in Taunton.   While Cayton was removing rubbish from the plaintiff's store, and acting within the scope of his employment, his negligence caused injury to

one Powers. Powers brought an action against the plaintiff, another against Cayton, and a third against one Seeley, the owner of the building in which the plaintiff was a tenant. The several defendants employed different lawyers to defend them, and the three cases were tried together in the Superior Court. Cayton testified. After all parties had rested, Powers discontinued against Cayton and Seeley. Cayton did not object to the discontinuance, and did not insist upon any right to proceed to a verdict. He could have opposed the discontinuance, and if he had done so a discontinuance could not have been entered except in the discretion of the court. *Earl Carpenter & Sons Co.* v. *New York, New Haven & Hartford Railroad,* 184 Mass. 98, 100. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 307. The jury returned a verdict for Powers against the plaintiff on a count based on the negligence of Cayton as a servant of the plaintiff. Judgment and execution against the plaintiff followed, and were satisfied by the plaintiff's public liability insurer, which was entitled to be subrogated to the rights of the plaintiff against Cayton. The plaintiff, for the benefit of the insurer, brought this action against Cayton.

Cayton, as servant of the plaintiff, was liable to the plaintiff for any loss to the plaintiff resulting from his, Cayton's, negligence with respect to a third person like Powers, just as he would be for any such injury to the plaintiff's property. *Alderman* v. *Noble,* 296 Mass. 30. *Karcher* v. *Burbank,* 303 Mass. 303, 305. The fact, contended for by the defendant, that the negligence of another servant of the plaintiff contributed to the injury to Powers, is immaterial. *Zulkee* v. *Wing,* 20 Wis. 408. The insurer stands in the place of the plaintiff, for whom it paid the judgment, and has all rights that the plaintiff could have enforced if he had paid it.

The judge directed a verdict in favor of the plaintiff, and reported the case.

In *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 54, this court said: "Where the liability of the plaintiffs to the per-

son injured has not been determined by a judgment binding upon the defendant, the plaintiffs must allege and prove that they were legally liable to the person injured and consequently paid under compulsion. It is not enough to allege and prove that the injured person obtained judgment against the plaintiffs; the plaintiffs must allege and prove that the judgment could not have been avoided." In *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449, it was said to be "a rule of broad application that an indemnitor, after notice and an opportunity to defend, is bound by material facts established in an action against the indemnitee."

*Consolidated Hand-Method Lasting Machine Co.* v. *Bradley*, 171 Mass. 127, is a leading case on the subject. The plaintiff was sued for the death of its employee resulting from electricity furnished by the defendants. The plaintiff notified the defendants of the trial, stated that if it should be beaten it should "look to you to recompense" it, and that the plaintiff "shall expect you to assist in the conduct of the defence of the case." The defendants were present at the trial, but were not consulted as to the manner in which the defence should be conducted. Judgment was rendered against the plaintiff, and an action was brought to recover the amount of that judgment. This court held in the new action that the notice was not sufficient to make the judgment against the plaintiff conclusive upon the defendants. The court said that the notice (page 132) "should call upon the person notified to come in and defend the suit, or should offer him an opportunity of doing so. The party notifying cannot insist upon retaining control of the defence, and yet hold the party notified bound by the result of the suit." The court distinguished *Boston* v. *Worthington*, 10 Gray, 496, where the notice did not expressly ask the defendants to take over the defence of the action, although they were present at the trial and testified; but the court in the *Bradley* case said (page 132) that *Boston* v. *Worthington* went "to the very verge of the law."

The *Bradley* case has been followed, or cited with ap-

proval, upon this point in a number of cases. *Richstein* v. *Welch*, 197 Mass. 224, 231. *Fitzgerald* v. *Heady*, 225 Mass. 75, 77. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 78. *Boston & Maine Railroad* v. *Hartford Fire Ins. Co.* 252 Mass. 432, 438. *Bowditch* v. *E. T. Slattery Co.* 263 Mass. 496, 499. *Genard* v. *Hosmer*, 285 Mass. 259, 265-266. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 54. It has never been questioned. In some cases the presence of the defendant at the trial and his participation in the defence have been held enough to conclude him. *Chamberlain* v. *Preble*, 11 Allen, 370, 374. *Prichard* v. *Farrar*, 116 Mass. 213, 221.

In the present case Cayton actually did defend at the trial down to the point of argument, and then waived his right to argument by submitting without protest to a discontinuance. The case does not depend upon the adequacy of notice, as did the *Bradley* case. Cayton had every opportunity to defend that any form of notice could have given him. There was no error in the ruling that he and his executor after him were bound by the judgment.

*Judgment on the verdict.*