*Municipal Court of the City of Boston*
No. 144277

## BEAUTY GARDEN, INC.

v.

## BEAUTY SUPPLY OUTLET, INC.

Argued: March 31, 1967    Decided: June 6, 1967

*Present:* Adlow, C.J., Riley, Lewiton, J.J.

Case tried to *Gorrassi, Sp.J.*, in the Municipal Court of the City of Boston    No. 144277

*Lewiton, J.* This is an action of contract for breach of implied warranties of fitness and merchantibility of certain beauty products purchased by the plaintiff, a beauty parlor operator, from the defendant. The plaintiff here seeks to recover for legal expenses incurred and for payments made by it in settlement of an action brought against the plaintiff by one of its customers (Mrs. Munroe), who complained of scalp burns shortly after receiving a permanent wave treatment in which one of the defendant's products was used.

At the close of the evidence, the trial judge denied defendant's requests for rulings that

(3) The evidence does not warrant that the plaintiff has sustained the burden of proof.

(4) Upon all the law and the evidence there should be a finding for the defendant.

We are now asked to review the correctness of the denial of these requested rulings.

The evidence as set forth in the report may be summarized as follows: The plaintiff "Donna Rae" cold wave solution, and a liquid neutralizer, from the defendant; these products were exclusively used on the plaintiff's premises on or about June 2, 1962, the date on

which the injuries were allegedly sustained by Mrs. Munroe; the cold wave solution was purchased in sealed bottles, one bottle being used per customer, and the seals of the bottles not being broken until "used on a customer"; the neutralizer came in large containers and the contents were split up into small bottles, to be used when necessary; neutralizer was used as necessary when a customer was given a cold wave; the employees at the plaintiff's beauty parlor were registered under the provisions of Massachusetts law; the plaintiff's manager instructed his employees as to the procedure and steps to take when using this cold wave solution; a beautician should know the standards of use in giving a permanent; on or about June 2, 1962, Mrs. Munroe received a permanent wave at the plaintiff's place of business at about twelve noon, and late that night her head began to blister; the next day she felt more blisters, and on the following day she notified the plaintiff of what had happened to her; on the occasion of this permanent wave treatment she did not sit under the dryer; she received a cold wave from the plaintiff once a year, and the procedures used on her on this occasion were the same procedures used at other times by the plaintiff.

*There was also evidence that* the plaintiff notified the defendant that the aforementioned customer claimed to have been injured as the result of "Donna Rae Creme Oil Cold Wave

Normal and/or Donna Rae Neutralizer'' purchased from the defendant, and called upon the defendant to assume the defense of the matter in behalf of the plaintiff, and to save the latter harmless against the claims of the customer; that the defendant did not undertake the defense of the matter, and that while the action of Mrs. Munroe against the plaintiff was pending in the Superior Court, the plaintiff settled it by paying her $450; and that this settlement, and the legal expense of $250 incurred by the plaintiff in connection therewith, were reasonable and proper.

The trial judge found as a fact that Mrs. Munroe was injured by ''a beauty product'' which had been purchased from the defendant and used by an employee of the plaintiff in giving a permanent wave to her; that the employee was properly trained as a beautician and registered under the provisions of Massachusetts laws and ''exercised the necessary care required in applying the beauty product to the customer's hair''; that the defendant, although notified of Mrs. Munroe's claim and called upon to defend against it, had failed to do so; and that the settlement payment of $450, and the attorney's fee of $250 incurred by the plaintiff, were reasonable. He entered a finding for the plaintiff in the amount of $700.

The trial judge erred in denying the defendant's requested rulings.

The burden of proving a breach of the

warranties of merchantability or fitness of the products sold by the defendant to the plaintiff, and used on the plaintiff's customer, rested on the plaintiff. *Payne* v. *R. H. White Co.*, 314 Mass. 63; *Benavides* v. *Stop & Shop, Inc.*, 346 Mass 154; *Graham* v. *Jordan Marsh Co.*, 319 Mass. 690. This burden it failed to sustain.

There was no medical or other specific evidence as to the chemical contents or properties of the "Donna Rae" solution, or of its probable effects on the scalp of a normal person, if properly applied. *Cf. Benavides* v. *Stop & Shop, Inc., supra.* However, we may assume that the trial court could have found that the scalp of Mrs. Munroe was only normally sensitive to infection or irritation (*Payne* v. *R. H. White Co., supra; Graham* v. *Jordan Marsh Co., supra*) and that the irritation to her scalp was in fact caused by the "Donna Rae" solution sold to the plaintiff by the defendant.

However, this would not in and of itself warrant a finding of a breach of warranty of merchantability or of fitness for the purpose for which the solution was sold, in the absence of evidence that its manner of use, and the precautions taken by the employee of the plaintiff to prevent irritation, were such as the defendant could reasonably have anticipated in selling this product to the operator of a beauty shop. *Mead* v. *Coca Cola Bottling Co.*, 329 Mass. 440, 441; *Holt* v. *Mann*, 294 Mass. 21, 24; *Horton* v. *North Attleborough*, 302 Mass. 137, 142; *Bianchi* v.

*Denholm & McKay,* 302 Mass. 469, 473-4; *Taylor v. Jacobson,* 336 Mass. 709, 714. Evidence of such proper use of the solution as reasonably anticipated was wholly lacking here. The plaintiff's treasurer and general manager, referring specifically to the "Donna Rae" cold wave solution and the neutralizer purchased from the defendant, testified that it was customary to use the neutralizer when necessary at the time a cold wave was given; that he had instructed his [sic] employees "of the procedure and steps to take when using said cold wave solution"; and that "a beautician should know the standards of use" of such a solution. However, the report, which recites that it contains all the material evidence, makes no reference to the use of neutralizer on Mrs. Munroe. Neither the plaintiff's employee who gave the treatment, nor any other witness, testified as to the manner in which the treatment was given, or as to the quantity of "Donna Rae" solution used on Mrs. Munroe's hair and scalp, or as to the precautions, if any, which were taken to prevent irritation of her scalp, or as to any other details of the treatment.

This lack of evidence was not cured by the testimony of Mrs. Munroe that the procedures used on her on this occasion were the same as those used at other times by the plaintiff, since there was no evidence as to the nature of the cold wave solutions used on her hair on such other occasions (there being no evidence that

the plaintiff used the defendant's products prior to the date of the treatment involved in this case) or whether a neutralizer was ever required or used in conjunction with the cold wave solution employed on such prior occasions. Nor, in the absence of evidence as to the manner in which this particular treatment was actually given, would the mere fact that the plaintiff's operator was a registered hairdresser (G.L. c. 112, § 87W) who had been instructed by her employer as to the manner of giving cold wave treatments, warrant a finding that she had on this occasion, exercised the care and skill reasonably to be expected of her. (See, as to skill to be anticipated: *Cowhig* v. *Cafarelli,* 318 Mass. 632, 634; *Gavin* v. *Kluge,* 275 Mass. 372, 377; *Barnet* v. *Roberts,* 243 Mass. 233, 236.)

■ There was thus no basis in the evidence for the finding by the trial judge that ''the plaintiff's employee exercised the necessary care required in applying the beauty product to the customer's hair''. From the evidence reported, it cannot be determined whether the injury to Mrs. Munroe was caused (a) by reason of a defect in, or lack of fitness of, the ''Donna Rae'' solution when properly used, or (b) by reason of an improper application of the solution, or (c) by reason of the failure of the plaintiff's employee to use neutralizer in connection with it. While it is true that the plaintiff was not required to show the exact cause of the injury, or to exclude all possibilities that

the injuries resulted without fault on the part of the defendant, the plaintiff still had the burden of showing that the probable cause was a defect in, or unfitness of, the "Donna Rae" solution. *Harrod* v. *Edward E. Tower Co.,* 346 Mass. 532, 533; *Benavides* v. *Stop & Shop, Inc.,* 346 Mass. 154, 158; *Vincent* v. *Nicholas E. Tsiknas Co., Inc.,* 337 Mass. 726, 729; *McCabe* -. *Boston Consolidated Gas Co.,* 314 Mass. 493, 496. On the evidence reported, the cause of the injury in this case was left to conjecture.

The burden of proof resting on the plaintiff was not shifted by reason of the fact that the defendant did not take over the defense of the earlier action, though requested to do so. The case before us is unlike those in which the facts establishing liability of the defendant in the action over, were adjudicated in a prior action brought by the injured person against the plaintiff in the later action. *Buhl* v. *Viera,* 328 Mass. 201; *Holleywood Barbecue Co., Inc.,* v. *Morse,* 314 Mass. 368; *Bowditch* v. *E. T. Slattery Co.,* 263 Mass. 496; G.L. c. 106, § 2-607 (5).

Even in such cases, the earlier judgment is not conclusive in the later action as to issues not shown to have been adjudicated. *Boston* v. *Worthington,* 10 Gray, 496, 500; *Boston & Maine R.R. Co.* v. *T. Stuart & Son Co.,* 236 Mass. 98, 102. Here the earlier action was settled before judgment. While this fact does not of itself preclude recovery by the plaintiff in this action over against the defendant (*Royal Paper Box*

*Co.* v. *Munro & Church Co.*, 288 Mass. 446; *Boston Woven Hose & Rubber Co.* v. *Kendall*, 178 Mass. 232) the plaintiff in a case such as this is required to prove that the injury for which money was paid in settlement of the earlier action, and the legal expenses incurred in connection therewith, were attributable to some fault or breach of obligation by the defendant. *Boston* v. *Gray*, 114 Mass. 53; *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley*, 171 Mass. 127, 133; *Restatement, Restitution*, §§ 86, 93; 42 *CJS*, §§ 23, 25, 35; *Cf. Royal Paper Box Co.* v. *Church Co.*, 284 Mass. 446, 542; *Spillane* v. *Corey*, 323 Mass. 673. In this connection, it should be noted that the report in this case conatins no evidence as to whether Mrs. Munroe had claimed, in her action against the present plaintiff, that her injuries were caused (a) by harmful qualities in the "Donna Rae" solution, or (b) by negligence on the part of the plaintiff's employee in giving her the treatment, or (c) by both of the foregoing. This amgibuity made it all the more incumbent on the plaintiff to prove that it paid money to settle the earlier action in order to discharge a claim which derived from the fault or breach of obligation by the present defendant, rather than one for which the defendant had no responsibility. *Boston* v. *Gray*, 144 Mass. 53; *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley*, 171 Mass. 127, 133; *Boston* v. *Worthington, 10 Gray*, 496, 500; *Cf. Gray* v. *Boston Gas Light Co.*, 114

Mass. 149; *Boston Woven Hose & Rubber Co.* v. *Kendall,* 178 Mass. 232; 42 CJS § 35.

Since such proof was lacking, the trial judge should have ruled, as requested, that a finding for the defendant was required.

**Finding for the plaintiff vacated. Judgment to be entered for defendant.**

HERBERT WEISSBLUM
 of Boston for the Plaintiff

GEORGE E. RUBEN
 of Boston for the Defendant