Leonard L. Fine, J.
On this motion the plaintiff seeks summary judgment based upon property damage he alleges he suffered and for recovery of the sum paid to third-party claimants in settlement of claims that were pending prior to a jury verdict rendered in another action. In that action, in which plaintiff sued for personal injuries only, the plaintiff recovered a jury verdict in the sum of $25,000 which verdict proceeded through the entire appellate route ultimately being affirmed in the Court of Appeals.
The plaintiff now seeks to recover based upon a cause of action which is unique and which this court has been unable to find any case law or authority.
These are the facts set forth in brief narrative: The plaintiff purchased a motor vehicle from the defendant Myrtle Motors Corporation. Thereafter an accident occurred when the brakes on the subject vehicle failed, causing the plaintiff’s vehicle to strike and damage several other parked vehicles in its path. Plaintiff instituted an action for personal injuries against the defendant in the Supreme Court of the State of New York alleging a brake failure. During the same period several property damage claims were brought against the plaintiff by the owners of the parked vehicles that were damaged in the accident. All claims were settled by the plaintiff’s insurance carrier. In addition, the plaintiff recovered for the damage to his own vehicle by way of his own collision policy he had obtained from his insurance carrier. In the instant action, plaintiff now seeks to recover for his property damage and for the payments made to the third-party owners of the damaged parked vehicles. It is the plaintiff’s contention that by reason of the application of the doctrine of res judicata (the issue of liability having been litigated in his personal injury action) he is entitled to summary judgment and assessment of damages.
*367 This court is in disagreement with the plaintiff’s contentions.
The complaint as it relates to damages to the vehicles not owned by the plaintiff and where plaintiff’s insurer paid for said damages in settlement with third-party owners does not appear to set forth a cause of action under any theory of law known to this court. The isolated fact that the plaintiff’s insurer settled claims pressed against him which may have been unfounded and for which a general release to the insured plaintiff was obtained would not give rise to any automatic right of subrogation to the plaintiff. If any such right exists, it belongs, not to the plaintiff, but to the one who paid the third-party claims. That is, the plaintiff’s insurer.
The instant action is not one that is brought in the name of the insured for the benefit of his insurer, and as such, plaintiff’s reliance upon CPLR 1004, as authority for the institution of suit in his own name is misplaced. CPLR 1004 is not dispositive of the question as to whether plaintiff has a cause of action in his own right to bring suit to recover the aforesaid damages and is at best a procedural device, permitting, inter alia, an ‘1 insured person who has executed to his insurer either a loan or subrogation receipt, trust agreement, or other similar agreement * * * [to] sue or be sued without joining with him the person for or against whose interest the action is brought.” Such does not appear to be the situation here in that all the claims for damages to vehicles not owned by the plaintiff were settled and paid by the plaintiff’s insurer.
In essence, the fact that a general release running to the plaintiff was given in consideration of payment by the insurer with respect to the claims for damages resulting to other vehicles not owned by the plaintiff, does not provide a sufficient basis in law for a cause of action in favor of this plaintiff. Accordingly, the defendant’s motion is granted to the extent of dismissing the subject cause of action seeking the recovery of payments made to the third-party owners (see, generally, and compare, Lord & Taylor v. Yale & Towne Mfg. Co., 230 N. Y. 132).
With respect to that branch of the motion that is addressed to the plaintiff’s cause of action for damages to his own vehicle, it is not demonstrated sufficiently by the movant that the plaintiff did not in fact receive full compensation from his own insurance carrier or that he did not assign his entire claim for such damages to his said insurer. Accordingly, since there are questions of fact as they relate to this branch of the plaintiff’s motion, this issue cannot be determined summarily as a matter of law but requires further proof by way of a plenary trial.