REIS et al. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   November 25, 1903.)

**1. RAILROADS—COLLISION AT CROSSING—CONTRIBUTORY NEGLIGENCE—SUBMISSION TO JURY.**

Where the driver of a wagon damaged in collision at a railroad crossing testifies that he did not look until the horse was on the track, but immediately afterwards qualifies this statement by saying that he meant that he saw the train for the first time when he was on the track, but that he had looked before he got on the crossing, submission of the issue of contributory negligence to the jury is proper.

**2. SAME—DESTRUCTION OF WAGON—MEASURE OF DAMAGES.**

Where a wagon is so injured in a collision with a railroad train as to be rendered useless, its total value can be recovered, but nothing for the usable weekly value of another wagon which the owner hired to replace the injured vehicle.

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Louis Reis and Christian Reis, doing business as Reis Bros., against the Long Island Railroad Company.   From a judgment for plaintiffs, defendant appeals.   Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Bertram Gardner, for appellant.

Frederic W. Grau, for respondents.

WILLARD BARTLETT, J.  ·The plaintiffs have recovered $200 for damages inflicted upon their harness and wagon in consequence of a collision with one of the defendant's trains at a railway crossing. If there was nothing in the evidence bearing upon the question of contributory negligence except the extracts from the testimony printed in the appellant's brief, the defendant would be entitled to a reversal of the judgment on the ground that the plaintiffs' driver of the wagon had not shown himself free from fault.   That testimony, standing alone, would show that the driver never looked in the direction from which the train was coming until the horse was on the track. It appears from the minutes, however, that the witness immediately afterward qualified his statement on this subject by saying:   "I meant that I seen the train for the first time when I was on the track.   I had looked before I got on the crossing."   I am satisfied that there was a question for the jury, both in regard to the defendant's negligence and the plaintiffs' freedom from contributory negligence.

It is manifest, however, that the verdict was excessive.  The jury awarded the plaintiffs $200.   There was no dispute as to the value of the harness, which was fixed at $11.   According to the evidence in behalf of the plaintiffs, they paid $135 for the wagon, and one of them swore that he valued it at $125.   Taking the purchase price as the actual value at the time it was injured, the limit of permissible recovery was $135 plus $11, making a total of $146.   The jury evidently increased this sum to $200 upon the assumption that the plaintiffs were also entitled to recover $5 a week as the usable value of a wagon which the plaintiffs hired to replace the injured vehicle.   It seems to me quite clear, however, that this increase was not warranted under

the evidence. The proof was that the wagon, although not totally destroyed, was rendered valueless for future use. One of the plaintiffs testified that, although they had had the wagon repainted and put into shape, they had not been able to use it since the accident. For the purpose of estimating their damages, therefore, the vehicle may be regarded as having been practically destroyed, in which event the measure of the defendant's liability is the value of the property at the time of its destruction. 1 Sedgwick on Damages (8th Ed.) § 40. The same rule is applicable as would apply in a case where the conversion of part of an article renders the rest worthless for all purposes. Under such circumstances, the value of the whole is recoverable. Walker v. Johnson, 28 Minn. 147, 9 N. W. 632. There was no basis, therefore, for any award on account of the usable value of the substituted wagon, and the recovery should be reduced by deducting $54 therefrom.

Judgment modified by deducting therefrom the sum of $54, and, as modified, affirmed, without costs of this appeal to either party. All concur.