Paul H. Blaustein, J.
Plaintiff’s claim is for $421.49 resulting from an automobile accident. It consists of two parts: part A, in the amount of $63 for medical charges resulting from the impact of the accident and part B, in the amount of $352.03 for car rentals, as a result of the destruction of plaintiff’s only car.
Defendant has conceded fault, but does not concede liability for reasons which are primarily matters of law.
Plaintiff and his wife owned one car at the time of the accident. Plaintiff’s wife was also in advanced pregnancy. Plaintiff’s car was demolished as a result of the accident and it is conceded that he was paid for the value of the vehicle on the basis that it was entirely destroyed. Immediately after the accident, plaintiff took his wife for medical treatment and incurred only the relatively minor amount of $63 based on medical expenses to check her condition. Plaintiff diligently attempted to and did purchase a new automobile but was required to rent a car for the interim period.
The court finds that there is no question that the amounts involved in each of these claims is reasonable, itemized and adequately proven and that the quantum of plaintiff’s claim *942 with respect to the renting of a car was adequately proven as special damages.
I.
The first question presented is whether plaintiff’s claim for medical charges in an amount less than $500 may be brought in this Small Claims Court as a result of the no-fault law.
The court concludes that part A of the claim must be denied, without prejudice to the submission of an application for "first party” benefits to the proper insurer. The court regards part A as basic economic loss under paragraph (a) of subdivision 1 of section 671 of the Insurance Law. A person who is hit in an impacted car and has slight or negligible injury is still injured by the contact, so that reasonable and necessary medical expenses should be recovered, without fault, from an insurer. If plaintiff’s claim is not agreed to by the insurer, then binding arbitration is the proper procedure under section 675 of the Insurance Law.
II.
The second question is whether, under New York law, a party is entitled to damages for loss of use of a motor vehicle which is totally destroyed.
The main case relied upon by defendant, Colonial Motor Coach Corp. v New York Cent. R. R. Co. (131 Misc 891, 894-895) involved only a motion to amend a complaint and the court found the proposed amendment insufficient, saying: "In so far as application is made for permission to amend the complaint by the allegation of damages on account of loss of use of the motor coach, the motion must be denied. The allegation of the complaint is that the coach was so wrecked as to be worthless, and that it was and is entirely and totally destroyed. Under such an allegation the measure of damages would be the difference in value of the motor coach before and after the accident. The right to recover for loss of use should be limited to those cases in which the injury to the vehicle was not such as to render it beyond repair at a reasonable cost. Where an injured vehicle may be repaired, then the cost of repairs, together with the loss of use, would be proper elements of damage, but, where the vehicle has been totally destroyed, there should be no allowance of damages for loss of use. Cases in which damages for loss of use have been allowed *943 have been in instances where vehicles have been repaired, and damage on account of loss of use has been allowed for such period of time as was necessarily occupied in repairing the vehicle. If the proposed amendment had been to the effect that the plaintiff was compelled to buy a coach to replace the one destroyed, and that during the lapse of time between the date of the accident and the time within which it reasonably could purchase and get delivery of a suitable coach, it had suffered loss of earnings, such an allegation might have afforded a basis for damage for loss of use. Such, however, is not the allegation of the proposed amendment; it is rather for the loss of use for a period commencing September 10, 1926, and continuing from said date at the rate of fifty dollars per day. The motion to amend the complaint in this respect should, therefore, be denied.” (Emphasis added.)
This decision does not support the proposition that special damages arising from loss of use are precluded.
This court further believes that the better view allows rental charges, if adequately proven as proper damages, when a vehicle was totally destroyed. In a leading case, New York Cent. R. R. Co. v Churchill (140 Ind App 426), the court held that the distinction between awarding damages based on loss of use where a vehicle is repaired as opposed to the case where a car is totally destroyed is unsound. Relying upon section 927 of the Restatement of Torts, the court said (p 433): " 'There appears to be no logical or practical reason why a distinction should be drawn between the cases in which the property is totally destroyed and those in which it has been injured but is repairable, and we have concluded that when the owner of a negligently destroyed commercial vehicle has suffered injury by being deprived of the use of the vehicle during the period required for replacement, he is entitled, upon proper pleading and proof, to recover for loss of use in order to "compensate for all the detriment proximately caused” by the wrongful destruction’.”
Another recent decision has called such a distinction to be fictitious, Dennis v Ford Motor Co. (332 F Supp 901, 905) and contains an extensive collection of recent cases on this point. See, also, Nashban Barrel & Container Co. v Parsons Trucking Co. (49 Wis 2d 591), and Roberts v Pilot Frgt. Carriers (273 N C 600), which follow the "modern” approach, referring to Colonial Motor Coach Corp. v New York Cent. R. R. Co. (131 Misc 891, supra).
*944 Accordingly, as to the part B claim, the court grants full relief in the amount of $352.03. As stated, the court finds this amount to be adequately proven as special damages.
Judgment may be entered in the amount of $352.03 plus costs.