David H. Brind, J.
This action was tried in the Small Claims Part of this court on March 25, 1977. The issue to be *86 determined by the court is one solely of law. Stipulations entered into between the parties resolved all questions of fact.
The defendant conceded his liability with respect to the automobile accident involved. It was further stipulated that the plaintiffs vehicle was a total loss as a result of the accident.
The issue squarely presented is whether the plaintiff, after having been fully compensated by the defendant for the total loss of her vehicle, is entitled to be additionally compensated for loss of use of her vehicle during the period between the time of the accident and the date the plaintiff was informed by the defendant’s insurance company that the car was regarded as "totaled”. The uncontested testimony was that the plaintiff rented a replacement vehicle from the Geneva Auto Company from January 17, 1977 to February 4, 1977, and it was further stipulated that the total charge for the rent-a-car during that period was $318.27, being the amount of the claim herein. It was further testified to by the plaintiff that, upon notification from the defendant’s insurance company that the car was a total loss and the plaintiff would be paid for the value thereof, that she "took the car back” and that she received a check in payment of the car "maybe a week later”.
The plaintiff further stated that she and her husband did not know until so notified whether the insurance company would determine that her automobile could not reasonably be repaired.
The defendant’s position is that since the plaintiffs automobile was determined to be a total loss that the permissible recovery is limited to its value before and after the accident, and no recovery may be had for loss of use or the rental cost of a vehicle hired to replace the damaged one (citing 4A NY Jur, Automobiles and Other Vehicles, § 964).
There are two cases cited as authority for the above principle. The first is Reis v Long Is. R. R. Co. (88 App Div 611). This decision, made in 1903 by the Second Department, involved the value of a harness and cart damaged in a collision at a railway crossing. The court held that, since the proof was that the wagon was rendered valueless for future use (the plaintiffs testified that although they had put the wagon into shape, they had not been able to use it since the accident), the measure of defendant’s liability was limited to the value of the property at the time of its destruction.
I feel that the case at bar is distinguishable. In the Reis *87 case, the plaintiffs themselves attempted to repair the wagon and they had the responsibility of determining whether the wagon was "totaled”. In the instant case, the plaintiff, under the much more sophisticated mechanical, electrical and bodywork required to repair today’s vehicles was quite at the mercy of the insurance company’s appraisers and could not independently arrive at this determination.
The other case cited as authority in New York Jurisprudence is Colonial Motor Coach Corp. v New York Cent. R. R. Co. (131 Misc 891). The court in that case, decided in 1928, stated that had the owner alleged that it was compelled to buy a coach to replace the one destroyed during the lapse of time between the date of the accident and the time within which it reasonably could get delivery of a suitable coach, such an allegation might have afforded a basis for damage for the loss of use. This dictum denotes that there are circumstances under which the plaintiff could be compensated for loss of use following the total destruction of a vehicle.
This precise question is examined thoroughly in 18 ALR3d 516-522. The text states that (p 519) cases clearly recognizing the right of an owner to recover damages for loss of use of a totally destroyed vehicle have occurred since World War II. The court in Wajay Bakery v Carolina Frgt. Carriers Corp. (177 So 2d 544, 546 [Fla]), held "the more modern decisions reveal an increasing trend to allow recovery of special damages for loss of use”. The Indiana Court of Appeals in 1966 in the case of New York Cent. R. R. Co. v Churchill (140 Ind App 426) held that loss of use in terms of the reasonable rental value of a vehicle for the reasonable amount of time that it would have taken the owner to replace it was proper, although the owners must mitigate the damages by replacing the vehicle within such reasonable time. The Kansas Supreme Court in 1964 in Peterson v Bachar (193 Kan 161) held that loss of use for a wrongfully demolished motor vehicle should be allowed under particular facts and circumstances. (See, also, Louisville & N. R. Co. v Blanton, 304 Ky 127 to same effect.) The precise issue in the present case was before the court in Bernard v Fidelity & Cas. Co. of N. Y. (186 So 2d 904 [La]), in which the court held that the owner may recover for loss of its use during such reasonable time as is required to determine whether the vehicle is, in effect, a total loss.
The court finds that the following elements must be present in order to allow special damages for rental value of a substi *88 tute vehicle occasioned by loss of a vehicle damaged beyond repair in an accident:
1. The damage to the vehicle resulted from the negligence of the defendant.
2. A replacement vehicle was rented.
3. The rental cost thereof was reasonable.
4. The period of time was limited to that reasonably required to determine whether the vehicle was a total loss.
5. The plaintiff acted diligently in mitigating damages.
After hearing all the testimony herein and considering the
stipulations entered into between the parties, it is the court’s opinion that all of the above elements are present in the instant case.
Therefore, it seems to this court that in order to render substantial justice to the parties herein as required by section 1804 of the UCCA, judgment must be rendered in favor of the plaintiff. Therefore, the court awards judgment to the plaintiff against the defendant in the amount of $318.27, together with costs.