OPINION OF THE COURT
William H. Bristol, J.
This action was tried before this court, at a regular term hereof, on April 24, 1981. The parties stipulated that the defendant’s negligence was the proximate cause of the damages suffered by the plaintiff’s automobile. The cost of repairs to this automobile was not in dispute. The only question on which the court heard proof dealt with determining, as a matter of law, the reasonably required period for making of repairs. The plaintiff claims because of the defendant’s action he suffered a loss of use of his vehicle for three months — from June 18, 1979, the date of the accident, to September 19,1979. The defendant claims that he is only liable for the value of two weeks’ loss of use. Both parties stipulate that the reasonable time to repair the vehicle was two weeks. The remaining 10 weeks’ loss of use, it is the plaintiff’s claim, resulted from the plaintiff’s financial inability to pay for the repairs immediately after the accident and the unwillingness of the defendant’s insurance company agents to appraise his damaged vehicle and agree to pay for it. The proof at time of trial estab *917 lished that immediately after the accident the damaged automobile was taken to a local collision shop. The plaintiff was given an oral estimate that it would cost approximately $1,400 to $1,500 to have the vehicle repaired. The plaintiff, because of his financial circumstances, was unable to pay the amount to the collision shop. The collision shop, understandably, would not begin repairs without the plaintiff’s paying for them, or without an authorization from the insurance company accepting responsibility for payment. The evidence further established that negotiations between the plaintiff and the defendant’s agent (i.e., his insurance carrier) went on for eight weeks after the accident. Finally, in mid-August an appraiser came to the collision shop and appraised the loss for the defendant’s carrier. Also, by this time plaintiff had arranged for obtaining the necessary finances to have the work done. According to the plaintiff’s testimony the work was completed some 1 to 2 weeks later and the car was finally repaired in mid-August.
There is no dispute that the plaintiff is entitled to an award of damages representing the reasonable value of renting a substitute automobile for the period reasonably required for the making of repairs to his damaged vehicle. (Johnson v Scholz, 276 App Div 163.) The question that this case presents is whether the plaintiff can also recover for his loss of use (here the six weeks between June 18, 1979 and early August, 1979) during which period he was unable to pay to have the repairs done.
If 6 of the 8 weeks of loss of use had been attributable to a delay in the delivery of the ordered parts with which to effect the repairs, the plaintiff could recover the full eight weeks. (Town v State of New York, 49 NYS2d 924.)
Case law authority is virtually nonexistent on this issue. Valencia v Shell Oil Co. (23 Cal 2d 840), although interesting, is certainly not controlling on this court.
Recently, two New York courts have held that individuals who have suffered the total loss of their vehicle are entitled to recover damages for loss of use. The damages are limited to the reasonable rental value of a substitute vehicle for the reasonable amount of time necessary *918 for the owner to replace the “totaled” vehicle. The owner must mitigate his damages by replacing the vehicle without undue delay. (See Wenz v Leon, 90 Misc 2d 85; Livingston v Knight, 90 Misc 2d 941.) Both of these cases held that the recovery for the loss of use even though the vehicle was “totaled” would be appropriate in order to comply with the basic principle of compensatory damages which seeks to “ ‘ “ ‘compensate for all the detriment proximately caused’ by the wrongful destruction.” ’ ” (Livingston v Knight, supra, at p 943, citing New York Cent. R.R. Co. v Churchill, 140 Ind App 426.)
The test suggested by the Wenz case in the situation of a total loss and the underlying principles of compensatory damages have equal validity in the present case. In Wenz (supra), the court stated that the following elements must be presented in order to allow special damages for the rental value of a substitute vehicle occasioned by the total loss of the vehicle:
1. The damage of the vehicle resulted from the negligence of the defendant;
2. A replacement vehicle was rented;
3. The rental cost thereof was reasonable;
4. The period of time was limited to that reasonably required to determine whether the vehicle was a total loss;
5. The plaintiff acted diligently in mitigating damages.
Applying this test to the facts and issues in this case the court finds as follows. First, it is stipulated that the damage of the vehicle in question resulted from the negligence of the defendant. Second, there is adequate proof that a replacement vehicle was rented. Third, there is adequate proof that the rental costs of the replacement vehicle were ordinary and customary charges and were reasonable. Fourth, the period of time required to obtain the funds to repair and to do the repairs was eight weeks and this was a reasonable period of time in which to accomplish the same. The plaintiff was diligent in mitigating his damages. The plaintiff testified that he finally discovered in early to mid-August, 1979 that he had the capability of borrowing against a trust fund in order to have adequate funds to pay for the repairs.
*919 He obtained the funds and the car was repaired by the middle of August, 1979. This court holds as a matter of law the period of time reasonably required to determine who would pay for the repairs and by what method and for the repairs to be completed was eight weeks. The court further holds that rental value of a substitute vehicle occasioned by the loss of the plaintiff’s vehicle in this case amounts to $1,103.73. Under the principles of compensatory damages as enunciated in Wenz (90 Misc 2d 85, supra) and Livingston (90 Misc 2d 941, supra) the plaintiff is entitled to judgment against the defendant in the amount of $1,103.73.