JAMES C. ALLANSON, JR., et al., Appellants, v JOHN E. CUMMINGS et al., Respondents. (Appeal No. 1.)

JAMES C. ALLANSON, JR., et al., Appellants, v JOHN E. CUMMINGS et al., Respondents. (Appeal No. 2.)

Fourth Department, May 27, 1981

**APPEARANCES OF COUNSEL**

*Frank M. Klinger* for appellants.

*Mackenzie, Smith, Lewis, Michell & Hughes* for respondents.

OPINION OF THE COURT

CARDAMONE, J. P.

In the case before us we consider what rule of damages should apply to determine the value of the loss of use of a motor vehicle which is damaged beyond repair. Old cases—grounded in the history of the common law—which denied any damages for loss of usable value (see, e.g., *Reis v Long Is. R. R. Co.*, 88 App Div 611, 612) are not appropriate guides for today. Special Term's view that loss of use should be limited to the time needed to determine whether the vehicle is totally destroyed is unduly restrictive. The applicable rule for damages and for loss of use should be the rental value of a substitute vehicle for a reasonable time until replacement of the destroyed vehicle can be made, conditioned first, however, upon proof that plaintiff was unable to obtain a replacement vehicle for a certain period of time.

The facts in this case are simply stated. On the morning of February 24, 1979 plaintiffs, Mr. and Mrs. James C. Allanson, residents of Oswego, New York were driving their Chevrolet automobile on South Salina Street in the City of Syracuse when they had a collision with a bus owned by CNY Centro, Inc., which was being operated by defendant Cummings. The Allansons allege in their complaint that the accident and damages were caused by the negligence of defendant Cummings. Property damages amounted to $917.23. No personal injury is alleged. In their bill of particulars plaintiffs assert that the bus made an illegal left-hand turn directly into their path. They state, also, that their Chevrolet vehicle, purchased in March, 1974, cost them $200. In a subsequent affidavit Mr. Allanson avers that as a result of the accident he was obliged to pay $150 in towing and storage charges and that he had to rent a car for eight weeks at a cost of $767.23. The total of these two amounts is the claimed $917.23. Mr. Allanson is a sales agent for Prudential Insurance Company traveling outside the city of his residence. He claims that it is essential to his livelihood that he have the use of an automobile. Defendants' attorneys moved to transfer this case to the City Court of Syracuse for several reasons: because the damages

claimed were within the jurisdictional limits of that court; because the defendant Cummings lived in the City of Syracuse; and because the corporate defendant had its principal office there and the accident occurred in Syracuse. The appeal from the order of transfer is not pursued and is affirmed.

Defendants subsequently moved to dismiss plaintiffs' complaint on the grounds that while plaintiffs admitted in their bill of particulars that their car was a total wreck, they claimed damages for the cost of renting a substitute vehicle. Defendants argue that where a vehicle is totally destroyed, no recovery may be had in damages for renting a substitute. Special Term thereafter signed an order which precluded plaintiffs from recovering damages with respect to loss of use of their vehicle. It limited plaintiffs' evidence in the city court action on the damages to: "the reasonable rental value of a rented vehicle for a period of time reasonably required to determine whether plaintiffs' vehicle was totally destroyed". It also permitted plaintiffs to prove the value of towing services and expenses for storage "limited to that period of time reasonably necessary for the determination that plaintiffs' vehicle was totally destroyed." It is from this order that plaintiffs appeal.

The general rule regarding damages occasioned by the total destruction of one's motor vehicle has long been limited to recovery simply for the vehicle's value at the time of its destruction *(Reis v Long Is. R. R. Co.*, 88 App Div 611, *supra* [involving the destruction of a wagon and harness]; *Colonial Motor Coach Corp. v New York Cent. R. R. Co.*, 131 Misc 891; *Viane v Central Brewing Co.*, 174 NYS 669 [in which a horse was killed and a 75-day rental was not recoverable]; Jacobs, Handbook on Damages, § 3, p 36; 7B Warren, Negligence, ch 16, § 4.02[1], [2]; see, also, *Gass v Agate Ice Cream*, 264 NY 141; 15 Blashfield, Automobile Law and Practice [3d ed], § 480.4, p 14; 25 CJS, Damages, § 83, p 920; *Fuller v Martin*, 41 Ala App 160; *Hayes Frgt. Lines v Tarver*, 148 Ohio St 82; *Kohl v Arp*, 236 Iowa 31). The reason for this rule is not clear. It may be based upon the historical limitation contained in an action for trover at common law (Ann., 18 ALR3d 497, 519); or because plaintiff has the presumed ability to enter the marketplace

with the sum awarded and purchase another product (7B Warren, Negligence, ch 16, § 1.02, p 161) ; or perhaps upon the theory that in recovering the full value of the vehicle as of the date of destruction, "the owner has been made whole" *(Hayes Frgt. Lines v Tarver*, 148 Ohio St 82, 83-84, *supra)*.

None of these reasons is persuasive. The common-law limitation of trover is a relic of history not a reason for a rule today. Further, the ability immediately to enter the marketplace and purchase a substitute presupposes "the existence of a broad market with frequent trading in articles of identical character with the property lost" (7B Warren, Negligence, ch 16, § 1.02, p 161). The recovery of the full value of the lost vehicle to a plaintiff whose vehicle is necessary for his economic livelihood and whose livelihood is diminished in its absence is not "made whole" by the mere recovery of the full value of the lost vehicle.

Thus, this 80-year-old rule should be examined anew. In reviewing it we find ample support for change in the reasoning of lower court decisions in New York and in opinions of both Federal courts and sister States as well as those contained in learned texts and treatises. Two well-reasoned decisions at nisi prius are particularly apt. In one, *Colonial Motor Coach Corp. v New York Cent. R. R. Co.* (131 Misc 891, *supra)*, Special Term reviewed an application requesting an amendment of a complaint which alleged damages when a motor coach (bus) was struck by a New York Central train while the bus was en route from Watertown to Carthage in Jefferson County. Special Term stated, in dicta, that cases in which damages for loss of use have been allowed would permit an amendment of this complaint if there were an allegation that plaintiff was compelled to buy a bus to replace the one that had been destroyed and that during the lapse of time between the date of the accident and the time within which it could reasonably purchase and get delivery of a suitable bus plaintiff had suffered loss of earnings *(Colonial Motor Coach Corp. v New York Cent. R. R. Co., supra,* pp 894-895). In the other nisi prius case *(Livingston v Knight,* 90 Misc 2d 941) the court, relying on an Indiana case *(New York Cent. R. R. Co. v Churchill,* 140 Ind App 426), held that the distinction between awarding damages based on loss of use where a vehicle is repaired as opposed to

where it is totally destroyed is unsound. The court reasoned that the owner of a totally destroyed vehicle suffers not only its destruction but also the loss of use of his property for such time as a replacement vehicle is unobtainable. It is that deprivation of use for which a plaintiff is entitled to recover reasonable damages, until he can obtain a replacement—since the loss of use is a detriment proximately caused by the wrongful destruction of his property *(Livingston v Knight, supra,* p 943).

A Federal court has taken a similar view, holding that: "This court fails to see any sound reason for a distinction between repairable and unrepairable damage which would justify loss of use for the former and not the latter even though the owner suffers loss because he cannot immediately replace; in both instances the property owners have lost the same thing, that is, the use of such property" *(Dennis v Ford Motor Co.,* 332 F Supp 901, 905, affd 471 F2d 733). Other Federal courts as well as courts in this and sister States have reached the same conclusion *(Weishaar v Canestrale,* 241 Md 676; see, also, *Guido v Hudson Tr. Lines,* 178 F2d 740; *Colonial Motor Coach Corp. v New York Cent. R. R. Co., supra,* pp 894-895; *Wenz v Leon,* 90 Misc 2d 85, 87-88 [period of rental limited to that reasonably required to determine whether the vehicle was a total loss]; *Atlantic Aviation Corp. v United States,* 456 F Supp 121, 126 [value of the use of substitute airplane recoverable until replacement can be made, but specific proof necessary]; see *Reynolds v Bank of Amer.,* 53 Cal 2d 49 [where plaintiff showed that new or used aircraft similar to the one destroyed were not immediately available]).

Further support may be found in texts and treatises. New York Pattern Jury Instructions (1 NY PJI2d 663) has adopted the view expressed in *Colonial Motor Coach Corp. v New York Cent. R. R. Co. (supra)* and states: "[W]hen plaintiff's vehicle has been damaged beyond repair, the measure of damage is the difference in market value thereof before and after the damage was done, and in such case plaintiff cannot recover for loss of use unless he proves that for a stated period he was unable to get delivery of a replacement vehicle" *(Colonial Motor Coach Corp. v New York Cent. R. R. Co., supra,* p 894). Warren's trea-

tise on Negligence in the New York Courts has also adopted the rule in *Colonial Motor Coach* (7B Warren, Negligence, ch 16, § 4.02[2]). The Restatement of the Law of Torts suggests that there should be loss of use recovery for a destroyed automobile (Restatement, Torts, § 927, p 657). More recently, in discussing the destruction of a "thing" the Restatement comments that damages may include compensation for the loss of use not otherwise compensated (Restatement, Torts 2d, § 927). Under section 927, comment o refines the rule by stating that the damages in the loss of use of a chattel may include an amount for expenses in procuring a necessary substitute or "for the value of the use of a substitute until a replacement of the subject matter can be made". Plaintiff plainly cannot recover, in addition to the rental of a substitute, the expenses of its operation which he would have incurred had he still the use of the original (10 Fuchsberg, Encyclopedia of New York Law, Damages, § 877).

With these views in mind, the rule in a case where a motor vehicle is totally destroyed is as follows: plaintiff must initially prove that for a stated period he was in fact unable to obtain a replacement vehicle. Upon such proof plaintiff may then recover damages for the loss of the destroyed vehicle's use which is the reasonable rental value of a substitute vehicle for a reasonable period of time until a replacement can be made.

Damages for towing and storage were stated properly by Special Term.

Accordingly, the order appealed from should be modified in accordance with this opinion and as modified it should be affirmed.

SIMONS, HANCOCK, JR., DENMAN and SCHNEPP, JJ., concur.

Appeal No. 1.—Order unanimously modified, and as modified affirmed, without costs, in accordance with opinion by CARDAMONE, J. P.

Appeal No. 2.—Order unanimously affirmed, without costs. Same opinion as in *Allanson v Cummings*, Appeal No. 1, 81 AD2d 16, decided herewith.