OPINION OF THE COURT
William H. Bristol, J.
In this small claims action, the plaintiff proves by a preponderance of the credible evidence that as a result of the negligence of the defendant on January 18, 1986, her automobile was damaged. Her car was repaired and there is no issue as to the cost of repairs as that matter has been settled by the parties. Rather, the court is asked to determine the length of *479 the period that was reasonably required to make the repairs in order to determine the amount of damages for the plaintiff’s loss of use of her vehicle. From the date of the accident, January 18, 1986, until January 29, 1986 the plaintiff was without her vehicle as she waited for her own insurance company to appraise her loss in order to ascertain what repairs were needed and how much it would cost to repair. Once the plaintiff’s own insurance carrier had appraised the damages to the car, she was able to go ahead and get the car fixed. From January 29, 1986 until February 14, 1986 the car was in the shop being repaired (a period of 16 days). During this entire period of time the plaintiff rented a replacement automobile, the fair and reasonable cost of which amounted to $433.35.
The question for the court to decide is whether, under the law of the State of New York, the plaintiff is entitled to recover for her loss of use during that period of time in which she was engaged with her own insurance company in obtaining an appraisal of her damages.
Small Claims Court is designed to be an informal forum for the resolution of claims by the parties themselves. Although the procedures of Small Claims Court are informal and designed to do substantial justice, the court, nevertheless, is bound to apply the substantive law of the State of New York to the facts that it finds to be true.
It is the substantive law of the State of New York that a person in the position such as the plaintiff in this case is entitled to recover for her loss of use during a period of time that it reasonably takes to repair her automobile. (Moore v Metropolitan St. Ry. Co., 84 App Div 613 [1903]; see also, Hoover v Montanus, 108 Misc 2d 916 [1981].) Clearly, the 16 days between the 29th of January and the 14th of February 1986 involved a reasonable period of time during which the car was actually being repaired.
The period from January 19, 1986 to January 29, 1986 also was part of the repair time. One cannot repair a damaged motor vehicle without first knowing what is in need of repair. Frequently, the repairman makes an appraisal of what must be done. But, it is also not unusual for an owner’s insurance carrier to appraise the damage since it most likely will be paying for it in the first instance. So, whether the plan for repairs is done by the owner’s insurance company or the owner’s repair shop, the reasonable period of time required for *480 this part of the repair job is within the scope of a proper award of damages for the plaintiff’s loss of use of her vehicle.
In this case the plaintiff acted with reasonable promptness (the accident happened on a Saturday evening, Jan. 18, 1986) in reporting it to her insurance carrier for the purpose of, among other things, having the car repairs assessed by informing her carrier on January 21, 1986 (Jan. 20, 1986 was a national holiday). Within eight days (five business days) the repairs were assessed, the automobile appraised and repairs were begun. Clearly, the plaintiff met her burden to establish that the car could be repaired and to do so within a reasonable period of time.
The court points out that this case does not involve a "total loss” claim such as was dealt with in Allanson v Cummings (81 AD2d 16 [4th Dept 1981]) and Cecere v Harquail (104 AD2d 6 [1984]). Allanson broke new legal ground by allowing an owner of a totally destroyed automobile to recover for his loss of use during the "reasonable period of time until a replacement can be made.” (Allanson v Cummings, supra, at p 21.) Cecere (supra) excluded from the period of time any periods attributable to delay due to the defendant’s (or its carrier’s) "inaction or lack of cooperation.” (Cecere v Harquail, supra, at p 8.) Regardless of the holding in Cecere, there was no delay in the instant case attributable to the defendant or its carrier. Indeed, the court fails to find any unreasonable delay by the plaintiff in having the car repaired.
Accordingly, this court finds that the period of time from the date of the accident (Jan. 18, 1986) until the plaintiff’s automobile was repaired (Feb. 14, 1986) was a period of time reasonably required to make repairs. Since the plaintiff had to pay the reasonable amount of $433.35 for a rental car during that period, she is entitled to recover this amount as compensatory damages for her loss of use of her vehicle during this period.
Plaintiff has made two other minor claims pertaining to aligning the steering of the car and bulbs and towing charges but the court finds that as a matter of law those were within the scope of the settlement previously entered into between the parties and their carriers and not properly part of this action on the basis of a settlement and accord.